David Slaughter, Paul Snow, Jackson, Miss., for plaintiff-appellant.

James D. Holland, Claire G. Mavar, Jackson, Miss., for defendant-appellee.

**Tony J. SMITH, Plaintiff–Appellant,**

v.

**SAFECO INSURANCE COMPANY, Defendant–Appellee.**

**No. 88–4312.**

United States Court of Appeals, Fifth Circuit.

Jan. 20, 1989.

Before CLARK, Chief Judge, TIMBERS * and RUBIN, Circuit Judges.

PER CURIAM:

Tony J. Smith sued his automobile insurance carrier, Safeco Insurance Company of America, seeking underinsured motorist benefits. The district court entered judgment dismissing the action with prejudice on the grounds that the suit was barred by the doctrine of res judicata and that Smith had waived his rights under the insurance policy by releasing the alleged tortfeasor without Safeco's consent or knowledge. We affirm.

Tony Smith was severely injured in an automobile accident involving Jerry Young.

* Circuit Judge of the Second Circuit, sitting by designation.

After the accident, Smith released Young and his insurance carrier of all liability for the accident in exchange for $12,500, the full extent of Young's insurance coverage. Later, Smith sued Young for his injuries arising out of the accident. The suit was dismissed with prejudice based upon the former release.

Smith then filed a claim for his medical expenses with his automobile insurance carrier, Safeco. Safeco denied the claim, arguing that Smith's release of Young and Young's insurance carrier violated the terms of his insurance policy and destroyed Safeco's subrogation rights. Smith sued Safeco for contractual and punitive damages allegedly arising out of Safeco's denial of coverage. After trial, the district judge directed a verdict on the punitive damages claim in favor of Safeco. The remaining claims were settled between the parties for $5,000. The district court entered a judgment that recited that it was

ORDERED AND ADJUDGED that the plaintiff, Tony J. Smith, recover nothing of the Defendant, Safeco Insurance Company of America, on the issue of punitive damages and, in that the Plaintiff and Defendant announced before the Court settlement and compromise of all remaining issues, including compensatory damages; it is further

ORDERED AND ADJUDGED that all remaining issues in question be dismissed with prejudice in this cause.

After judgment was entered, Smith sought underinsured motorist benefits under the same insurance policy and arising out of the same accident. Safeco denied the claim, and the instant suit resulted. The cause was tried upon stipulated facts, and the United States District Court for the Southern District of Mississippi, Jackson Division, entered judgment that Smith take nothing. The district court relied upon both Smith's release of Young and the prior judgment in rendering judgment in favor of Safeco. We affirm on the ground of res judicata.

■ Smith brought his first action against Safeco in federal district court. Therefore, the effect of the judgment entered is governed by federal rules of preclusion, even though the district court was sitting in diversity. *Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860, 862 (5th Cir.1985).

■ In determining the preclusive effect of a federal judgment, this circuit applies the Restatement's transaction test. Restatement (Second) of Judgments § 24 (1982); *Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 870–71 (5th Cir.1984); *Nilsen v. City of Moss Point*, 701 F.2d 556, 560–61 (5th Cir.1983). Applying this rule, Smith's first action extinguished all of Smith's claims against Safeco "with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Restatement at § 24. All of Smith's claims against Safeco sought coverage under a single insurance policy for injuries resulting from one accident. These claims arise out of a common nucleus of operative fact, and comprise a single transaction. *See id.* at § 24, Comment b and c illustration 1. Smith was required to bring all of his claims or causes of action against Safeco that arose out of the crash. His second action against Safeco is precluded.

The judgment of the district court is AFFIRMED.