**J.Z.G. RESOURCES, INC.,**
Plaintiff–Appellant,

v.

**SHELBY INSURANCE COMPANY,**
Defendant–Appellee.

No. 95–3237.

United States Court of Appeals,
Sixth Circuit.

Argued April 12, 1996.

Decided May 28, 1996.

Marvin L. Karp (argued and briefed), Ulmer & Bernr, Cleveland, OH, for Plaintiff-Appellant.

Thomas Schick (argued and briefed), McNeal, Schick, Archibald & Biro, Cleveland, OH, for Defendant-Appellee.

Before: MERRITT, Chief Judge; MILBURN, Circuit Judge; ZATKOFF,* District Judge.

MILBURN, Circuit Judge.

Plaintiff J.Z.G. Resources, Inc. appeals the district court's grant of summary judgment in favor of defendant Shelby Insurance Company in this action to recover, under a general liability insurance policy issued by defendant, for property damage sustained by plaintiff that was caused by defendant's insured. On appeal, the issue is whether the district court erred in granting summary

---

* The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

judgment in favor of defendant on the ground that a prior action between the parties in New York precluded plaintiff's present action. For the reasons that follow, we affirm.

## I.

### A.

Plaintiff J.Z.G. Resources, Inc. ("J.Z.G.") is a residential real estate development company that owned a development known as Peach Brook Farms in the Town of Southeast, New York. In April 1988, plaintiff entered into a contract with Edward E. King ("King"), a general contractor, under which King agreed to install three roads and storm drainage facilities in Peach Brook Farms.

Pursuant to his contract with J.Z.G., King obtained a comprehensive general liability insurance policy, which included products-completed operations hazard ("PCOH") coverage, from defendant Shelby Insurance Company ("Shelby"). The policy that King purchased from Shelby covered the period from July 30, 1988 to July 30, 1989.

The policy protected against bodily injury and property damage for which King, the insured, became liable to third parties. The policy defined property damage as follows:

a. Physical injury to tangible property, including all resulting loss of use of that property; or

b. Loss of use of tangible property that is not physically injured.

J.A. 25. The policy further required that property damage be caused by "an occurrence," and it defined an occurrence as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* The policy excluded coverage, however, for property that was required to be restored, repaired, or replaced because King's work was incorrectly performed on it, but this exclusion did not apply to property damage included in the PCOH coverage. The PCOH coverage extended to property damage occurring away from premises that King owned or rented and arising out of King's work, provided that the work had been completed or abandoned.

In the spring of 1989, J.Z.G. discovered that King had negligently and improperly installed the roads. One road was not properly located, and the elevation and grade of the other two were incorrect. Because of these defects, the Town of Southeast ordered that the roads be repaired or replaced. Also due to the faulty workmanship, the storm drainage system did not operate properly, resulting in damage to lots belonging to both plaintiff J.Z.G. and others. Subsequently, J.Z.G. made demand on King and Shelby to correct the defective work and/or pay plaintiff for its damages, but both parties refused.

### B.

On April 3, 1990, plaintiff J.Z.G. filed a diversity action in the United States District Court for the Southern District of New York ("the New York action") against Edward E. King and Shelby Insurance Company.[1] J.Z.G. alleged breach of contract and negligence against King and breach of insurance contract against Shelby. In its complaint, plaintiff alleged not only the damages to the road but also the ensuing damages to other property. *See* J.A. 54–55.

Prior to trial in the New York action, plaintiff filed a motion in limine, seeking to preclude Shelby from raising certain exclusions in the policy issued to King as defenses at trial. The court ruled that Shelby had abandoned all but two of the exclusions and that it would "not consider those other exclusions in the trial of [the] action." J.A. 20. In December 1991, the New York action was tried without a jury. On the basis of the court's ruling in limine, J.Z.G. apparently chose not to submit any evidence of damage to its own property or the property of others and sought only to recover for damage to the roads. On December 30, 1991, the New York court issued findings of fact and conclusions of law. It entered judgment against Shelby and King on January 22, 1992, in the amounts of $300,000 and $400,000, respective-

---

1. J.Z.G. also sued C. James Osborne, Jr., R.L.S., P.C., but the district court ultimately dismissed the claims against Osborne for reasons not relevant to this action.

ly. It found King liable only for the costs of road reconstruction and replacement.

Shelby and King appealed the judgments against them to the United States Court of Appeals for the Second Circuit. J.Z.G. cross-appealed the limitation of Shelby's damages and the district court's denial of prejudgment interest. The Second Circuit affirmed the district court's judgment in all respects except regarding the liability of Shelby to J.Z.G. *See J.Z.G. Resources, Inc. v. King,* 987 F.2d 98 (2d Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 553, 126 L.Ed.2d 454 (1993). It held that King's policy did not provide coverage for repair of the faulty roads that King constructed, which were the only damages J.Z.G. attempted to prove. Therefore, Shelby was "not liable to J.Z.G. for the judgment entered in favor of J.Z.G. against King." J.A. 28. Subsequently, J.Z.G. petitioned the Second Circuit for rehearing, and its petition was denied. Then, it petitioned the United States Supreme Court for a writ of certiorari, which also was denied.

On March 29, 1994, J.Z.G. filed this action, alleging that the order in limine issued in the New York action had relieved it of the burden of proving damages to property other than the roads and that it deserved a second opportunity to prove damages to other property. On August 15, 1994, defendant Shelby moved for summary judgment on the ground that J.Z.G. had not been limited in its proof of damages to other property in the New York action and that J.Z.G.'s instant action was barred by collateral estoppel and res judicata.

On December 19, 1994, the district court granted Shelby's motion for summary judgment. It found that the New York court's order in limine had not relieved J.Z.G. of the burden of producing evidence on its claim regarding damages to other property, that J.Z.G. had not produced such evidence, and that J.Z.G. was precluded from relitigating the issue. J.Z.G. moved the district court for reconsideration, which was denied on January 27, 1995. This timely appeal followed.

## II.

■ Plaintiff J.Z.G. appeals the district court's grant of summary judgment in favor of defendant Shelby. We review a district court's grant of summary judgment de novo. *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.,* 64 F.3d 1015, 1019 (6th Cir.1995). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord, Harrow Prods., Inc.,* 64 F.3d at 1019.

■ The district court ruled that plaintiff's present suit is precluded by the New York action. We first address the choice of law question that defines the framework of our review of the district court's judgment. We must decide whether in a federal diversity action, federal or state law governs the preclusive effect of a prior federal diversity judgment. The Restatement (Second) of Judgments states that "[f]ederal law determines the effects under the rules of res judicata of a judgment of a federal court," making no distinction between a federal judgment based on federal question or diversity jurisdiction. Restatement (Second) of Judgments § 87 (1982).

Although this circuit has not ruled on the precise circumstance that this case presents, in *Silcox v. United Trucking Serv. Inc.,* 687 F.2d 848, 852 (6th Cir.1982), we addressed whether a district court could issue an injunction restraining an appellant from proceeding in state court on a claim for attorney's fees when the issue had been adversely decided in a prior diversity action in the district court. We noted in *Silcox* "that the scope and effect of a district court judgment in a diversity action is to be determined by federal, not state, law...." *Id.* at 852 (citing *Cemer v. Marathon Oil Co.,* 583 F.2d 830, 832 (6th Cir.1978)). We went on to apply federal res judicata rules in that case.

Although the procedural posture of this case is slightly different, the same principles apply. As the Second Circuit stated in *Kern v. Hettinger,* 303 F.2d 333 (2d Cir.1962):

One of the strongest policies a court can have is that of determining the scope of its own judgments. It would be destructive to the basic principles of the Federal Rules of Civil Procedure to say that the effect of a judgment of a federal court was governed by the law of the state where the court sits simply because the source of federal jurisdiction is diversity.

*Id.* at 340 (citations omitted). Therefore, we shall apply federal res judicata principles in successive federal diversity actions. *See also, e.g., Johnson v. SCA Disposal Servs. of New England, Inc.,* 931 F.2d 970, 974 (1st Cir.1991); *Shoup v. Bell & Howell Co.,* 872 F.2d 1178, 1179 (4th Cir.1989); *Smith v. Safeco Ins. Co.,* 863 F.2d 403, 404 (5th Cir. 1989) (per curiam); *Petromanagement Corp. v. Acme–Thomas Joint Venture,* 835 F.2d 1329, 1332–33 (10th Cir.1988); *Precision Air Parts, Inc. v. Avco Corp.,* 736 F.2d 1499, 1503 (11th Cir.1984), *cert. denied,* 469 U.S. 1191, 105 S.Ct. 966, 83 L.Ed.2d 970 (1985).

█ The rules of res judicata actually comprise two doctrines concerning the preclusive effect of a prior adjudication, claim preclusion and issue preclusion. The general rule of claim preclusion, or true res judicata, is that a valid and final judgment on a claim precludes a second action on that claim or any part of it. Claim preclusion applies not only to bar the parties from relitigating issues that were *actually* litigated but also to bar them from relitigating issues that *could have been raised* in an earlier action. *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *Liona Corp. v. PCH Assocs. (In re PCH Assocs.),* 949 F.2d 585, 594 (2d Cir.1991); *Westwood Chem. Co. v. Kulick,* 656 F.2d 1224, 1227 (6th Cir.1981).

█ Although the precise basis of its ruling is unclear, the district court stated:

Plaintiff's argument [that the precise issue raised in this case was not *actually litigated* in the prior proceeding] misses the mark. JZG asserts that it never litigated Shelby's liability for damages to other property in the New York action and that, therefore, it is virtually automatically entitled to seek such damages in this separate action.

. . .

JZG ignores the fact that a plaintiff always carries the burden of proof on both liability and damages. Plaintiff is precluded "from advancing in a new action all claims or defenses that were *or could have been* raised in a prior proceeding in which the same parties or their privies were involved, and that resulted in a judgment on the merits." *In re PCH Associates,* 949 F.2d 585, 594 (2d Cir.1991) (emphasis added). In the New York action, plaintiff made the tactical error of failing to at least *proffer* evidence of damage to property. Plaintiff's presentation of evidence at trial is not governed by the defenses that will be advanced.... The fact that the trial court has ruled that certain defenses shall not be permitted does not necessarily affect plaintiff's case in chief.

J.A. 983–84. The district court ruled that "the issue raised in the instant case was alleged in the complaint in the New York action, even though plaintiff ultimately did not present evidence to that court on the issue." J.A. 985. Therefore, the court concluded that plaintiff was "precluded from relitigating the same issue here." *Id.*

Plaintiff argues that the district court's ruling is erroneous because res judicata does not preclude relitigation of an issue raised in the pleadings but withheld from consideration at trial. It contends that because Shelby never asserted the defense that the policy did not cover King's liability for the cost of repairing roads and because the New York district court's order in limine limited the defenses Shelby could raise, it became unnecessary for plaintiff to present evidence of damage to other property.

To support its contention that res judicata does not prevent relitigation of an issue that has been withdrawn, plaintiff cites cases from the Minnesota, Illinois, and Missouri Supreme Courts. *See Karas v. Snell,* 11 Ill.2d 233, 142 N.E.2d 46 (1957); *Nelson v. Dorr,* 239 Minn. 423, 58 N.W.2d 876 (1953); *Hart–Bartlett–Sturtevant Grain Co. v. Aetna Ins. Co.,* 365 Mo. 1134, 293 S.W.2d 913 (1956),

*cert. denied,* 352 U.S. 1016, 77 S.Ct. 562, 1 L.Ed.2d 548 (1957). However, as we previously stated, federal principles of res judicata govern this case, and plaintiff has not cited any federal cases that adopt this rule. Furthermore, the cases that plaintiff cites present distinguishable factual scenarios. In those cases, an affirmative act on the part of the first court removed the issue or claim from consideration. Conversely, in this case, we find nothing in the New York district court's ruling on plaintiff's motion in limine that precluded plaintiff from presenting evidence of damage to property other than the roads. Instead, it appears that plaintiff decided to present only evidence relating to the cost of road repair based on the defenses that defendant Shelby would assert.

The Restatement (Second) of Judgments describes the doctrine of res judicata as extinguishing "all rights of the plaintiff to remedies against the defendant with respect to all or any part or the transaction, or series of connected transactions, out of which the action arose." Restatement (Second) Judgments § 24 (1982). In its brief, plaintiff acknowledges that had it recovered for and repaired the damage to the roads, the damage to other property would have been obviated. Brief of Plaintiff at 6, 12. It is clear that both types of damage arise out of the same transaction and that plaintiff could have presented evidence of damage to other property as an alternate ground for recovery. Therefore, we conclude that the district court correctly ruled that plaintiff's present action is precluded on the basis of res judicata. Based on this determination, we find it unnecessary to address the parties' arguments regarding collateral estoppel.

### III.

For the reasons stated, the summary judgment of the district court is **AFFIRMED.**