110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sanford J. BERGER, Plaintiff-Appellant,
v.
CITY OF CLEVELAND; Juanita C. Jones; and Harriet Thomas,
Defendants-Appellees.
 No. 96-3281.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1997.
 
 Before: SILER and BATCHELDER, Circuit Judges; and HULL, District Judge.*
 SILER, Circuit Judge.
 
 
 1
 Sanford J. Berger, plaintiff, appeals the district court's order denying his motion to reconsider its dismissal of seven counts of his 42 U.S.C. § 1983 complaint and granting summary judgment on the remaining count in favor of the City of Cleveland ("City"); Juanita C. Jones, the Commissioner of the Department of Community Development; and Harriet Thomas, Housing Inspector, defendants. For the reasons that follow, we affirm.
 
 I.
 
 2
 Berger, an owner of an apartment building in Cleveland, Ohio, had a housing assistance payment contract with the United States Department of Housing and Urban Development ("HUD") through its designated agent, the Cuyahoga County Metropolitan Housing Authority, for participation in the "Section 8 Moderate Rehabilitation Program," which provides rental subsidies to selected tenants. In response to an anonymous complaint received through the City's Mayor's Action Center, defendant Thomas conducted an exterior inspection of the building. As she was seeking access to the interior of the building, several residents sitting outside of the building directed her to Charles Bridget, identifying him as the custodian. Bridget gave her access into the building and accompanied her on the inspection. Finding both interior and exterior violations of the Cleveland Municipal Housing Code, Thomas issued a written Notice of Violation to Berger.
 
 
 3
 Because violations remained on the property, Thomas filed criminal charges (the "ticket") against Berger in the Cleveland Municipal Court, Housing Division. After a trial, Berger was found guilty of the violations listed on the ticket and was fined $50 plus costs. He appealed the judgment to the Ohio Court of Appeals, assigning eight errors for review. City of Cleveland v. Berger, 631 N.E.2d 1085 (Ohio Ct.App.1993), cert. denied, 115 S.Ct. 68 (1994). First, he argued that sections 367.03 and 367.99 of the housing code, permitting housing inspectors to enter dwellings to enforce the code, were unconstitutional. The court determined that Berger lacked standing to challenge the constitutionality of these sections because he was not convicted for their violation. Id. at 1087.
 
 
 4
 Second, Berger claimed that the trial court erred in denying his motion to suppress evidence, arguing that the evidence of the violations was obtained through an illegal warrantless search. The court found that because Thomas obtained consent for the search from Bridget, a person she reasonably believed was authorized to give consent, the warrantless search of the building was not in violation of the Fourth Amendment. Id. at 1088.
 
 
 5
 Third, Berger argued that section 367.04 of the housing code denied him due process of law by improperly delegating the city's legislative authority to housing inspectors. He claimed that it is improper to permit housing inspectors to decide the amount of time allowed to make repairs before criminal charges would be filed. The court overruled this assignment, noting that Berger had the right to appeal the ticket, which would have delayed its enforcement. Id. at 1088-89.
 
 
 6
 Fourth, Berger contended that he was improperly denied the opportunity to present evidence that the time allowed for him to make repairs was arbitrary and unreasonable. The court determined this assignment of error to be without merit. Id. at 1089.
 
 
 7
 Fifth, Berger asserted that the trial court erred in convicting him of charges that were not contained in the Notice of Violation, claiming that he was denied his due process rights by being charged with criminal offenses without prior notice. The court rejected this assignment of error because it found that the housing code's notice provisions were fully complied with, giving Berger ample notice of the violations on his property. Id.
 
 
 8
 Sixth, Berger argued that the complaint against him was barred by federal preemption. The court overruled this assignment of error because he failed to show that there is a conflict between state and federal law and because there was no evidence that the federal government explicitly preempted state law in the area of public housing or that Congress intended to exclusively regulate the area. Id. at 1089-90.
 
 
 9
 Seventh, Berger claimed federal governmental immunity from prosecution, arguing that the operation of Section 8 property made him a federal official, immunizing him from state regulation. The court found no support for the argument that the contract made him a federal official. It also disagreed with Berger's argument that by operating Section 8 property, he was performing a "uniquely federal interest," as he had a beneficial interest in the property--the receipt of rental subsidies for his Section 8 tenants. Having produced no supporting evidence, the court further rejected his argument that the application of state law would disrupt the proper functioning of the federal Section 8 program. Id. at 1090. Berger's eighth assignment of error was also found to be without merit Id. Consequently, Berger's conviction was affirmed. Id.
 
 
 10
 Berger filed an eight-count complaint with the district court, alleging that defendants violated his civil rights. In count I of his federal complaint, he challenged the City's regulation of his property as being preempted by federal statutory and/or regulatory law. In count II, Berger challenged the City's requirement that landlords participating in a federal housing program must obtain certificates of occupancy as being preempted by federal law. In count III, he argued that the City is barred from enforcing its housing code under federal government contractor and/or federal official immunity status. In count IV, Berger argued that sections 367.03 and 367.99 of the housing code were unconstitutional. In count V, he argued that the warrantless search of his property constituted an illegal search. In count VI, he argued that the Notice of Violation failed to contain a reasonable period of time to remedy the conditions and thus violated the Fourteenth Amendment. In count VII, Berger asserted that his conviction violated the Fourteenth Amendment, arguing that section 367.04(a) of the housing code pertaining to the issuance of a warning notice created a liberty interest that a property owner would not be criminally charged with violations absent a prior written warning notice of the claimed violations and a reasonable opportunity to remedy the violations. In count VIII, he argued that section 367.04(a) of the housing code is an improper delegation of powers in violation of the Fourteenth Amendment.
 
 
 11
 Adopting the magistrate judge's report and recommendation, the district court dismissed counts I, III, V, VI, VII, and VIII of Berger's complaint, reasoning that based upon issue preclusion, Berger is prohibited from relitigating the same issues litigated in state court. It also dismissed count IV, holding that a prior state court determination that Berger lacked standing to bring that claim had a preclusive effect as to standing and, thus, Berger lacked standing to bring the same claim in federal court. The court found that Berger was not precluded from bringing count II and granted defendants' motion for summary judgment on that count, finding that the city's requirement was neither explicitly nor implicitly preempted by federal law, nor in conflict with federal law. Berger timely appealed to this court.
 
 II.
 
 12
 We review de novo the district court's grant of a motion to dismiss. Wright v. MetroHealth Med. Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996). We agree with the district court that Berger is precluded from litigating the issues raised in counts I, and III through VIII of his federal complaint.
 
 
 13
 State court litigation has a collateral effect in subsequent § 1983 litigation, Allen v. McCurry, 449 U.S. 90 (1980), as long as (1) the precise issue raised in the § 1983 action was actually litigated in state court; (2) the determination of the issue was necessary to the outcome in state court; (3) a final judgment on the merits was reached in state court; and (4) the party against whom estoppel is sought had a full and fair opportunity to litigate the issue in state court. Detroit Police Officers Ass'n v. Young, 824 F.2d 512, 515 (6th Cir.1987); LaBonte v. LaBonte, 572 N.E.2d 704, 709 (Ohio Ct.App.1988). In determining whether preclusion applies in federal court, the appropriate inquiry is whether the state court would give collateral effect to the prior state court decision. Haring v. Prosis, 462 U.S. 306, 313 (1983).
 
 
 14
 The issues presented in counts I, III, and V through VIII of Berger's federal complaint are the precise issues that were "actually and necessarily litigated and determined" by the state appellate court. Further, a final judgment on the merits was reached and Berger had a full and fair opportunity to litigate these issues in municipal court as well as in state appellate court.
 
 
 15
 Although it has been declared that "[u]nder Ohio law, criminal convictions generally do not prevent a plaintiff from litigating facts previously determined in the criminal proceeding," Russell v. Steck, 851 F.Supp. 859, 869 (N.D.Ohio 1994), an analysis of Ohio case law reveals, as concluded by the magistrate judge here, that "there is no hardened rule against collateral estoppel arising from a criminal case being used against a former criminal defendant." Because the four requirements for collateral estoppel have been met in the present case, Ohio courts apparently would give preclusive effect to the issues settled by the state appellate court in a subsequent civil action by Berger. With respect to count IV, Ohio courts would likely determine that the ruling on standing would be preclusive as to whether Berger had standing to bring his substantive claim for violation of his constitutional rights as it is based on the same set of facts and circumstances. The seven counts of Berger's federal complaint were thus properly dismissed.
 
 III.
 
 16
 We review de novo the district court's grant of summary judgment. J.Z.G. Resources, Inc. v. Shelby Ins. Co., 84 F.3d 211, 213 (6th Cir.1996). Summary judgment was properly granted in favor of defendants on count II of Berger's federal complaint. Count II challenged the municipal housing code's provision requiring that landlords participating in a federal housing program obtain certificates of occupancy as being preempted by federal law.
 
 
 17
 As recognized by the district court and the parties, federal law could preempt the City's occupancy requirements: 1) by explicit preemption language; 2) by implicit preemption language expressing congressional intent to completely occupy the field; or 3) because the city ordinance is in actual conflict with federal law. Ayers v. Philadelphia Housing Authority, 908 F.2d 1184, 1189 (3d Cir.1990). None of these requirements is satisfied here. The district court, therefore, correctly concluded that satisfaction of the City's occupancy requirements is consistent with the federal regulations.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation