Kenneth R. THOMPSON,
Plaintiff–Appellant,

v.

UNITED STATES OF AMERICA,
SMALL BUSINESS ADMINISTRA-
TION, Defendant–Appellee.

No. 00–4449.

United States Court of Appeals,
Sixth Circuit.

May 4, 2001.

Before SILER and GILMAN, Circuit
Judges; DUGGAN, District Judge.*

*ORDER*

Kenneth R. Thompson appeals a district
court order dismissing his civil rights ac-
tion filed under 42 U.S.C. § 1983. The
case has been referred to a panel of the
court pursuant to Rule 34(j)(1), Rules of
the Sixth Circuit. Upon examination, this
panel unanimously agrees that oral argu-
ment is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief,
Thompson sued the Small Business Ad-
ministration (SBA), alleging that the de-
fendant violated his due process rights
when it cancelled his small business loan in
1978. Thompson also alleged that the de-

* The Honorable Patrick J. Duggan, United
States District Judge for the Eastern District
of Michigan, sitting by designation.

fendant conspired against him and defrauded him. Over Thompson's objections, the district court adopted the magistrate judge's report and recommendation, concluded that Thompson's claims were barred by the doctrine of res judicata, and dismissed the case because it failed to state a claim. Thompson has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Thompson's complaint for failure to state a claim. This court reviews de novo a district court's dismissal of a case for failure to state a claim. *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir.1998). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.*

Thompson's constitutional claims are precluded by the doctrine of res judicata. Under that doctrine, a final judgment on the merits bars a subsequent action between the same parties or their privies based upon the same claims or causes of action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir.1997). The doctrine of res judicata also prohibits relitigation of all claims or issues which were actually litigated or which could have been litigated in a prior action. *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir.1996). Res judicata is established when four elements are present: 1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; 2) the second action involved the same parties or their privies as the first; 3) the second action raises issues actually litigated or which should have been litigated in the

first action; and 4) an identity of the causes of action exists. *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 779 (6th Cir.2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 1082, 148 L.Ed.2d 958 (2001). The record reveals that the elements of res judicata exist as to Thompson's constitutional claims.

■ To the extent that Thompson is pursuing common law tort claims against the defendant, the district court also properly dismissed these claims. Under 28 U.S.C. § 2401(b), a tort claim against the United States will be barred unless it is presented in writing to the appropriate agency within two years after such claim accrues or unless the plaintiff brings an action within six months after the final denial of his claim by the agency. In 1994, Thompson pursued an administrative action with the defendant for his tort claims, and the SBA denied his claims on August 7, 1995. However, Thompson did not file his present action until December 1999, well past the six-month period set forth in § 2401(b).

■ Lastly, Thompson raises a new claim in his complaint, alleging that the defendant interfered with contracts that he had with a third party, Roberts Express. However, Thompson never presented this tortious interference claim to the SBA in an administrative action. Before a party may bring a tort action against the United States, it must present the claim to the proper federal agency and that agency must deny the claim. 28 U.S.C. § 2675(a). Exhaustion of administrative remedies is a jurisdictional prerequisite to filing suit. *Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir.1997). Therefore, the district court did not have jurisdiction to review this claim.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.