**M.L. WILLIAMS, Plaintiff–Appellant,**

**v.**

**Thomas J. MOYER, Chief Justice, Supreme Court of Ohio, et al., Defendants–Appellees.**

**No. 00–4526.**

United States Court of Appeals, Sixth Circuit.

May 8, 2001.

Before JONES and DAUGHTREY, Circuit Judges; ECONOMUS, District Judge.*

### ORDER

M.L. Williams appeals pro se from a district court judgment that dismissed his civil rights action, primarily filed under 42 U.S.C. §§ 1983 and 1986. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

Williams mainly alleged that the defendants had conspired against him and were racially biased against him during his divorce proceedings because he is African–American. The district court adopted a magistrate judge's recommendation over Williams's general objections, and dismissed the case on November 8, 2000. It is from this judgment that he now appeals.

We review an award of summary judgment *de novo*. *See Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir.1995). Summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

**326**

Williams was expressly advised to file specific objections to the magistrate judge's report. The general objections that he filed did not meet this requirement, and he has forfeited his right to appellate review. *See Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). We note, nonetheless, that Williams's claims are all unavailing for several independently sufficient reasons.

First, Williams's case did not originate in state court and his complaint indicates that all of the parties are residents of Ohio. Thus, there was no need to remove his case to federal court under 28 U.S.C. § 1441, and the court did not have diversity jurisdiction under 28 U.S.C. § 1332.

Second, Williams had filed a similar case which was dismissed on the merits. *Williams v. Panioto, et al.,* No. C–1–98–757 (S.D.Ohio, Aug. 2, 1999). He now argues that his prior action involved different claims. However, it clearly arose from the same basic facts and Williams either raised his current claims at that time or could have done so. Thus, his claims are now barred by the doctrines of *res judicata* and collateral estoppel. *See J.Z.G. Resources, Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 214–15 (6th Cir.1996); *Bills v. Aseltine,* 52 F.3d 596, 604 (6th Cir.1995).

Third, almost all of the defendants are judges or court employees, who were sued because of their participation in Williams's divorce case. Therefore, most of Williams's claims were barred by judicial and quasi-judicial immunity. *See Mann v. Conlin,* 22 F.3d 100, 103–05 (6th Cir.1994); *White by Swafford v.. Gerbitz,* 892 F.2d 457, 463–64 (6th Cir.1989). Moreover, he has not shown that the remaining defendants were state actors who would be liable under 42 U.S.C. § 1983.

Fourth, Williams plainly sought to relitigate his divorce case, even though his intent to do so was veiled by nominal constitutional claims. Thus, dismissal was also proper under the *Rooker–Feldman* doctrine, which prevents the federal courts from examining constitutional claims that are inextricably linked with a state court's judgment, when doing so would result in a virtual appeal of that judgment. *See Patmon v. Michigan Supreme Court,* 224 F.3d 504, 509–10 (6th Cir.2000).

Finally, Williams's assertion that the district court was biased is not supported by the record. His claim that the defendants conspired against him because of racial bias is likewise unpersuasive. *See Copeland,* 57 F.3d at 480–81. Thus, Williams has not alleged a viable conspiracy claim under 42 U.S.C. § 1985, and he cannot raise a cognizable claim under 42 U.S.C. § 1986. *See McCalden v. California Library Ass'n,* 955 F.2d 1214, 1223 (9th Cir.1990).

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.