Laurence ARMOUR, Plaintiff–
Appellant,

v.

Jon Phipps MCCALLA; Shelby County
Government; Tisdale, Deputy Jailer,
Defendants–Appellees.

No. 00–6670.

United States Court of Appeals,
Sixth Circuit.

June 7, 2001.

Before BATCHELDER and MOORE,
Circuit Judges; BERTELSMAN, District
Judge.*

### ORDER

Laurence Armour, proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S .C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 5, 2000, Armour filed suit against a federal judge (Judge McCalla), Shelby County, Tennessee, and a deputy jailer (Tisdale). Armour had previously and unsuccessfully sued Tisdale for violating the Eighth Amendment by spraying mace in his eye, but did not appeal the decision to this court. In the instant action, Armour reasserted his Eighth Amendment claim and also asserted that Judge McCalla had wrongfully dismissed the prior action. Armour sought monetary compensation for the macing incident, production of Tisdale's personnel records, and reversal of Judge McCalla's decision. The district court, upon initial screening, simultaneously granted pauper status, dismissed the action as frivolous, and enjoined Armour from filing any other complaints without leave of court.

Armour has filed a timely appeal. He reasserts his claims and contests the imposition of the filing injunction.

As an initial matter, we construe the district court's dismissal as pursuant to 28 U.S.C. § 1915A(b)(1), 28 U.S.C. § 1915(e)(2)(B), and 42 U.S.C. § 1997e(c). We conclude upon de novo review that the

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

district court's judgment must be affirmed. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

The doctrine of res judicata bars consideration of the instant complaint. The broad doctrine of res judicata encompasses both claim preclusion and issue preclusion. *J.Z.G. Resources, Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 214 (6th Cir.1996). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented. *Id.* Under issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation. *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Armour first litigated his Eighth Amendment claim against Tisdale in *Armour v. Tisdale,* No. 99–2792–M1/V (W.D.Tenn. Nov. 24, 1999), which the district court dismissed as frivolous. Consequently, Armour's instant complaint, which also arises from the macing incident, may not be reviewed on the merits, even though he named additional defendants and attempted to raise different claims.

We further conclude that the district court did not abuse its discretion by imposing a filing injunction. *See Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269–70 (6th Cir.1998). Taking judicial notice of its own records, the district court properly determined that Armour was a prolific litigant as Armour had filed several frivolous lawsuits. We decline to consider the propriety of the prior dismissals as Armour may not use his challenge to the filing injunction as a substitute for an appeal of the prior decisions or as a means to have this court reconsider its decisions in the few cases which he did appeal.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.