**David WALKER, Plaintiff–Appellant,**

v.

**GENERAL TELEPHONE COMPANY,**
**Defendant–Appellee.**

**David Walker, Plaintiff–Appellant,**

v.

**Michigan Bell Telephone Co.,**
**Defendant–Appellee.**

Nos. 00–1930, 00–1932.

United States Court of Appeals,
Sixth Circuit.

Dec. 26, 2001.

as Sean Connery, Kelsey Grammar, and Pat-rick Stewart.

Before BOGGS, GILMAN, and BRIGHT *, Circuit Judges.

## OPINION

PER CURIAM.

David Walker, appearing *pro se*, filed two separate lawsuits on substantially the same legal claims against General Telephone Company ("GTE") and Michigan Bell Telephone Company ("Michigan Bell"). Walker alleges that GTE and Michigan Bell have refused to provide him with service as an entrepreneur and developer; specifically, he alleges breach of contract, fraud, antitrust, misrepresentation, and constitutional claims against both companies. Walker is the majority shareholder, president and director of operations of Direct Dial Audio Corporation ("Direct Dial"). The district court granted defendants' motions for dismissal and summary judgment because Walker lacked standing and his claims were barred by res judicata, collateral estoppel, the law of the case, applicable statutes of limitations, and lack of state action. Walker appeals this decision. We AFFIRM the district court.

### I.

We review orders granting summary judgment *de novo;* therefore, we apply the same test as the district court. *See Thompson v. Williamson County*, 219 F.3d 555, 557 (6th Cir.2000). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

This court reviews district court orders to dismiss for lack of standing or subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) under a bifurcated standard: we accept the district court's factual findings unless they are clearly erroneous and we review the application of the law to the facts *de novo. See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir.1996). Furthermore, the plaintiff has the burden of proof that jurisdiction does in fact exist. *See id.* at 1134 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)).

### II.

Walker has brought multiple federal, state, and regulatory actions against GTE and Michigan Bell over the past ten years. In October 1985, Direct Dial entered into an agreement with GTE North [1] through which consumers in the Grand Rapids area who were in GTE's service area could, for a fee, dial a 976 telephone number to access pre-recorded messages or interactive programs provided by Direct Dial. Direct Dial sought a similar agreement with Michigan Bell, which provided local telephone service for other portions of the Grand Rapids area. Michigan Bell refused to provide such service, stating that it did not have the necessary facilities in the Grand Rapids area.

In October 1990, Direct Dial filed a complaint against Michigan Bell in the Muske-

---

* The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. GTE North is the successor by merger to General Telephone Company of Michigan.

GTE North is now known as Verizon North, Inc. following a merger between its parent corporation, GTE Corporation, and Bell Atlantic Company.

gon County Circuit Court, alleging antitrust and contract violations. In May 1991, that court found that the Michigan Public Service Commission ("MPSC") had primary jurisdiction over Direct Dial's claims and granted Michigan Bell's motion for summary judgment. Direct Dial then filed a complaint in the United States District Court for the Western District of Michigan against Michigan Bell and GTE, alleging various antitrust violations, as well as breach of contract and violations of state tariffs. The federal district court accepted the state court's determination that the MPSC had primary jurisdiction over the tariff and service claims. Additionally, the court found that Direct Dial's antitrust claim against GTE was time barred. Accordingly, the district court dismissed the complaint against GTE with prejudice and dismissed the claims against Michigan Bell without prejudice to allow federal adjudication if the MPSC declined jurisdiction.

In 1992, Direct Dial made a formal complaint to the MPSC, claiming that Michigan Bell and GTE had violated state tariffs, federal antitrust laws, and the modified final judgment ("MFJ") entered in *United States v. American Tel. & Tel. Co.*, 552 F.Supp. 131 (D.D.C.1982). Direct Dial also asserted that GTE had breached their contract. The MPSC declined to hear Direct Dial's claims under federal antitrust laws, the MFJ, or state contract law. On the merits of the remaining claims, the MPSC found that Michigan Bell was not required to provide 976 service within the Grand Rapids area and did not discriminate against Direct Dial in refusing to provide such service. Further, the MPSC found that neither Michigan Bell nor GTE had violated a tariff, applicable statute or MPSC rule, and dismissed Direct Dial's complaint in its entirety. This decision was upheld by the Ingham County Circuit Court. Both the

Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal.

Direct Dial then sought reinstatement of this case against Michigan Bell in federal district court. The district court denied the motion because, *inter alia,* the MPSC's findings estopped Direct Dial from reasserting its claims. The decision was affirmed by this court. *See Direct Dial Audio Corp. v. Michigan Bell Tel. Co.,* 178 F.3d 1294, 1999 WL 187489 (6th Cir. Mar.10, 1999) (unpublished decision).

In April 1997, Walker filed an action in the District Court for the District of Columbia. Walker alleged: (1) the MPSC had allowed Michigan Bell to operate a monopoly in violation of federal antitrust laws and had violated federal law by allowing Michigan Bell to operate in violation of the MFJ; (2) Michigan Bell had violated federal antitrust laws and the MFJ and discriminated against Walker by refusing to provide 976 service to Direct Dial in the Grand Rapids area; and (3) GTE had breached its contract with Direct Dial by failing to negotiate 976 service from Michigan Bell for Direct Dial and had violated federal antitrust laws by condoning Michigan Bell's refusal to provide 976 service and by failing to meet its contractual obligations. In subsequent motions, Walker also argued that the actions of the MPSC, Michigan Bell, and GTE violated his rights under the First, Fifth, Fourteenth, and Fifteenth Amendments to the United States Constitution. Walker sued in his personal capacity and sought both monetary and injunctive relief. Upon a finding that venue was improper, the District Court for the District of Columbia transferred the action to the United States District Court for the Western District of Michigan in December 1997.

In 1998, the district court dismissed the claims against GTE and Michigan Bell due to lack of standing and lack of subject

matter jurisdiction. This dismissal was affirmed by the Sixth Circuit. *See Walker v. Michigan Pub. Serv. Comm'n.*, 201 F.3d 442, 1999 WL 1253093 (6th Cir. Dec.17, 1999) (unpublished decision). In its opinion, this court determined that all of Walker's injuries were derivative of Direct Dial's injuries and no duty was directly owed him; therefore, Walker was not the real party in interest. The court also noted that Walker filed the action on his own behalf, rather than as a shareholder protecting Direct Dial's corporate rights.

Seizing upon this observation, in early 2000, Walker brought this action on behalf of the shareholders of Direct Dial. Walker's *pro se* complaints against GTE and Michigan Bell raise essentially the same claims he has made in the past suits against GTE and Michigan Bell. The district court determined that Walker, a non-attorney, had in each complaint purported to represent other shareholders, which constituted the unauthorized practice of law in violation of state and local rules. In response, Walker amended each complaint, limiting it to his losses as the majority shareholder.

The district court granted GTE and Michigan Bell's motions for summary judgment and dismissal despite Walker's argument that his action should be preserved because some of the conduct contained in his complaint includes events that occurred after the filing dates of the previous lawsuits.[2]

### III.

■ The district court did not err in its determination that Walker does not have standing to bring this action. As this court has previously held, Walker is not the real party in interest because "[a]ll of Walker's injuries are derivative of Direct Dial's injuries, and he did not identify any duty owed directly to him." *Walker v. Michigan Pub. Serv. Comm'n,* 201 F.3d 442, 1999 WL 1253093, at *2. In the name of Direct Dial, Walker sued and lost in various fora in the early 1990s. Ever since that time, Walker has been attempting to get another bite at the apple by bringing suits in his individual capacity and in his capacity as a shareholder of Direct Dial.

■ The tactics employed by Walker are not allowed under the doctrine of standing, and they have been properly rejected by each court to consider the matter. *See* FED. R. CIV. P. 17(a) (requiring that every action be prosecuted in the name of the real party in interest). Under Michigan law, actions to redress an injury to a corporation must be brought in the name of the corporation, and not in the name of a shareholder, officer, or employee. *See M & D. Inc. v. McConkey,* 226 Mich.App. 801, 573 N.W.2d 281, 284 (Mich. Ct.App.1998). An officer may bring suit in his own name only where he can show that the breach of contract violated a duty owed directly to him as an individual. *See id.* Walker, individually, was not owed a duty by either GTE or Michigan Bell. *See also Vinci v. Waste Mgmt., Inc.,* 80 F.3d 1372, 1375 (9th Cir.1996) (holding that a shareholder of a corporation injured by antitrust violations has no standing to sue in his or her own name even if he or she is the sole shareholder). The district court properly considered this issue and found Walker's complaint was barred for lack of standing.[3]

We further affirm the district court's determination that Walker's claims are

---

2. This apparently refers to correspondence between the telephone companies and Walker about the denial of service to Direct Dial. This correspondence occurred in 1996, 1997, and 2000.

3. As the district court correctly decided, Walker's contention that he has standing under the Telecommunications Act of 1996, 47 U.S.C. § 207, is without merit.

barred by collateral estoppel, res judicata, and the law of the case. Res judicata extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part or [sic] the transaction, or series of connected transactions, out of which the action arose." *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 215 (6th Cir.1996) (quoting the Restatement (Second) of Judgments § 24 (1982)).

■■■ Res judicata applies when (1) there is a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is identity of claims. *See Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir.1992). Considering each of these elements, first there was a decision on the merits because the district court in 1997 ruled that Direct Dial's claims against Michigan Bell were barred by collateral estoppel based on the MPSC's decision. This decision was affirmed by the Sixth Circuit. With regard to GTE, the antitrust claims were dismissed with prejudice as time barred in 1992.

Second, the same parties are involved. Walker, as president of Direct Dial, was in control of the prior action; he signed affidavits, had notice and was involved with the prior litigation, and his interests were adequately represented. *See Sanders Confectionery*, 973 F.2d at 481 (explaining that one who controls the prior litigation or whose interests were adequately represented is "in privity" for purposes of res judicata).

Third, the current issues raised were actually litigated or could have been litigated in prior actions. The claims against both GTE and Michigan Bell raise the same issues that were previously litigated in the prior Walker and Direct Dial lawsuits. *See Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994) (res judicata mandates that if an action is dismissed on the merits, it operates as an absolute bar to any subsequent action between the same parties with respect to every matter that was actually litigated in the first case as well as every other ground of recovery that might have been presented).

Finally, there is identity of claims. "Identity of causes of action means an 'identity of the facts creating the right of action and of the evidence necessary to sustain each action.'" *Sanders Confectionery*, 973 F.2d at 484 (quoting *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir.1981)). All of Walker's claims against Michigan Bell stem from its refusal to grant 976 service in the late 1980s and all of the claims against GTE stem from the 1985 contract.

The doctrine of collateral estoppel also applies to preclude the relitigation of claims and issues heard by the MPSC and the federal district court in prior manifestations of this case.

The district court was also correct in deciding that many of Walker's claims were barred by applicable statutes of limitations.[4] The facts of this case date back to the late 1980s and the longest statute of limitations extends back only six years. Walker's argument that he should prevail because some of the conduct in his complaint relates to events occurring since the filing dates of the previous lawsuits does not preserve the action because Walker ultimately lacks standing to assert these

---

**4.** The statutes of limitations are: six years for breach of contract, three years for negligence, six years for misrepresentation or fraud, and four years for antitrust.

claims, and because some, if not all, of the claims are barred by res judicata, collateral estoppel, and the law of the case.

Finally, the district court was correct in its decision to dismiss Walker's constitutional claims because neither GTE nor Michigan Bell, as private investor-owned corporations rather than state actors, could have violated Walker's constitutional rights. *See e.g., Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)(holding that a plaintiff must establish an injury resulting from state action to recover under § 1983 for a constitutional tort in violation of the Fourteenth Amendment).

For the foregoing reasons, we **AFFIRM** the judgment of the district court and, finding them to be without merit, we deny all of Walker's motions pending before this court.