**Paul JUHASZ, Plaintiff–Appellant,**

v.

**SECRETARY, DEPARTMENT OF THE TREASURY, Defendant–Appellee.**

No. 01–2553.

United States Court of Appeals, Sixth Circuit.

June 21, 2002.

Before NORRIS and BATCHELDER, Circuit Judges; FORESTER, District

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

Judge.[*]

## ORDER

Paul and Maria Juhasz appeal a district court judgment that dismissed their complaint in which they sought to challenge taxes assessed against them for the 1982 tax year. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The Juhasz's filed their complaint in the district court alleging that the Internal Revenue Service belatedly assessed taxes for their 1982 tax year following a Tax Court decision that partnerships in which they invested lacked economic substance. *See Sheldon v. Comm'r*, 94 T.C. 738, 1990 WL 69233 (1990). The district court issued an order to show cause why their complaint should not be dismissed as barred under the doctrines of claim preclusion and issue preclusion because they already litigated issues that may have involved their 1982 tax year. *See Juhasz v. Dept. of Treasury*, No. 99–CV–75624–DT, 1999 WL 744102 (E.D.Mich. Aug. 12, 1999). After the Juhasz's responded, the district court dismissed their complaint. Plaintiffs filed a timely notice of appeal. On appeal, plaintiffs contend that no claim for relief related to their 1982 tax year was asserted in the earlier litigation.

Upon de novo review, we will affirm the judgment for the reasons stated by the district court in its order dismissing complaint filed August 24, 2001. Generally, the doctrine of res judicata encompasses both claim preclusion and issue preclusion or collateral estoppel. *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir.1996). Under claim preclusion, a final judgment on the merits bars any claims by a party or its privies based upon every cause of action litigated and every cause of action that could have been litigated. *Id.* at 214; *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995). Under the doctrine of collateral estoppel, an issue actually and necessarily decided by a court of competent jurisdiction is conclusive in subsequent lawsuits based upon a different cause of action involving a party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). This court reviews de novo a district court determination regarding the applicability of res judicata. *Kane*, 71 F.3d at 560. Here, plaintiffs' claims are barred by collateral estoppel.

Plaintiffs clearly litigated issues regarding the tax shelter at issue before the district court in their earlier case. Thus, any causes of action actually litigated or that could have been litigated are barred. The district court correctly noted that plaintiffs at least implicitly asserted claims regarding their 1982 taxes in the earlier case. Furthermore, the government correctly notes that any claims concerning plaintiffs' 1982 taxes are now barred under the applicable statutes of limitations in any event. *See* 26 U.S.C. §§ 6532(a)(1) & 7443(d)(3). Accordingly, plaintiffs' claims are barred both by res judicata and by the statute of limitations.

For the foregoing reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

[*] The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.