**Angela S. MAYERS, Plaintiff–Appellant,**

v.

**TENNESSEE BOARD OF REGENTS;**
**Tennessee State University,**
**Defendants–Appellees.**

**No. 01–6238.**

United States Court of Appeals, Sixth Circuit.

Aug. 13, 2002.

Before KENNEDY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

Angela S. Mayers appeals a district court order that denied post-judgment motions she filed in this employment discrimination action filed under Title VII. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mayers filed her complaint by counsel in the district court in 1995, alleging that she was subjected to sex discrimination in her employment with Tennessee State University. Plaintiff subsequently filed a second complaint alleging that she was subjected to retaliation for pursuing her discrimination claim. The cases were consolidated and following a bench trial in 1999, the district court found for the plaintiff with respect to her sex discrimination claim and for the defendant with respect to plaintiff's retaliation claim. The court ordered that defendants give plaintiff the position and salary she was denied, awarded plaintiff compensatory damages, back pay, as well as attorneys' fees and expenses. Although defendants appealed the judgment to this court, defendants subsequently filed a stipulation to voluntarily dismiss the appeal signed by counsel for plaintiff. Over plaintiff's objection filed pro se, this court granted defendants leave to voluntarily dismiss the appeal.

Contemporaneously, motions involving a fee dispute between plaintiff and her attorneys were referred to the magistrate judge for consideration. Plaintiff appealed a subsequent order entered by the magistrate judge, but this court dismissed plaintiff's appeal for lack of appellate jurisdiction. *Mayers v. Tenn. Bd. of Regents,* No. 00–5123 (6th Cir. May 9, 2000) (unpublished order).

On December 28, 2000, plaintiff filed a motion to refile her complaint or, in the alternative, for a change of venue. Defendants responded in opposition, and plaintiff submitted a reply. On February 20, 2001, plaintiff filed a motion for a directed verdict. Defendants again responded in opposition, and plaintiff submitted a reply. The district court denied plaintiff's motions by order entered September 18, 2001, and plaintiff filed a timely notice of appeal.

On appeal, plaintiff: (1) contends that the district court improperly denied her motion to refile her complaint as barred by res judicata; (2) contends that other rulings by the district court and by this court were improper as well; and (3) asks that this court vacate a state court ruling involving disputed attorneys' fees. Defendants respond that: (1) this court lacks jurisdiction to review most of the district court's rulings; (2) the district court properly denied plaintiff's motion to refile her complaint as barred under the doctrine of res judicata; and (3) there is no basis to vacate the state court's ruling. Upon consideration, we will affirm the order for the reasons stated by the district court.

First, it is noted that this court has appellate jurisdiction to review only the district court's most recent order in which it denied plaintiff's motions to refile her complaint and for a directed verdict. Generally, post-judgment orders are final and appealable. *See United States v. One 1985 Chevrolet Corvette,* 914 F.2d 804, 807 (6th Cir.1990). Thus, plaintiff's timely appeal is properly taken from the district court's September 18, 2001, order. However, appellate jurisdiction does not extend to other rulings of the district court, decisions of this court, or state court judgments. Accordingly, only issues involving the district court's order denying plaintiff's most recent post-judgment motions are properly before this court.

Further, the district court properly denied plaintiff's motion to refile her complaint. Generally, this court reviews de novo a district court determination regarding the applicability of res judicata. *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir.1995). The doctrine of res judicata encompasses both claim preclusion and issue preclusion or collateral estoppel. *J.Z.G. Res., Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 214 (6th Cir.1996). Under claim pre-

clusion, a final judgment on the merits bars any claims by a party or its privies based upon every cause of action litigated and every cause of action that could have been litigated. *Id.* at 214; *Kane*, 71 F.3d at 560. Under the doctrine of collateral estoppel, an issue actually and necessarily decided by a court of competent jurisdiction is conclusive in subsequent lawsuits based upon a different cause of action involving a party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Here, plaintiff's effort to refile a complaint litigated to final judgment clearly is barred.

For the foregoing reasons, the district court's order is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.