**Sandra Walker PAYNE,**
**Plaintiff–Appellant,**

**v.**

**Paul H. O'NEILL, Secretary of the Treasury, Defendant–Appellee.**

**No. 02–5145.**

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2002.

Before GUY and BATCHELDER, Circuit Judges; QUIST, District Judge.*

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

This is an appeal from a district court judgment dismissing an in forma pauperis civil rights complaint on the authority of 28 U.S.C. § 1915(e)(2)(B)(ii). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Sandra Walker Payne filed an employment discrimination complaint against her employer, the Internal Revenue Service, along with a motion to proceed in forma pauperis. The district court granted the motion and ordered the complaint dismissed for failure to state a claim for relief.

The lone issue on appeal is whether the district court properly concluded that Payne's complaint was subject to summary dismissal on preclusion grounds and therefore frivolous within the meaning of 28 U.S.C. § 1915(e)(2). This court reviews a decision to dismiss a complaint under § 1915(e)(2) de novo. *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir.2000). A de novo examination of the record and law support the decision on appeal.

The essence of Payne's present complaint is that the Internal Revenue Service had not complied with, or "not straight[ened] all the way out yet," the terms of two prior employment discrimination settlement agreements. The prior actions to which Payne references are the subject of two Equal Employment Opportunity Commission decisions appended to her complaint. In each of the decisions, the EEOC clearly informs Payne that any further agency action will be suspended because she chose to pursue civil remedies in federal court against the Internal Revenue Service. Each of the EEOC decisions

identifies the federal civil action as Civil Action No. 00–2547–DV in the United States District Court for the Western District of Tennessee. The district court noted that it would ordinarily have consolidated the present complaint with Civil Action No. 00–2547–DV, but that action had been resolved by a summary judgment against Payne on all discrimination claims. An examination of the summary judgment in that case, a judgment from which Payne did not take a direct appeal, supports the district court's conclusion. *See Payne v. O'Neill,* No. 00–2547–DV (W.D.Tenn. May 10, 2001). The district court thus concluded that Payne's present complaint, based on the identical claim for relief against the identical party, was barred by preclusion. Payne takes issue with this decision.

The district court properly concluded that the doctrine of res judicata bars consideration of Payne's complaint. The doctrine of res judicata encompasses both claim preclusion and issue preclusion. *J.Z.G. Res., Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 214 (6th Cir.1996). Under claim preclusion, the branch of this doctrine relevant to the case at bar, a final judgment on the merits bars any and all claims by the parties or their privies based on the same claim for relief, as to every matter actually litigated as well as every theory of recovery that could have been presented. *Id.* A cursory review of the present action shows that it is entirely derivative of the action previously resolved against Payne. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.