**Ralph Ray PERKINS, Plaintiff–Appellant,**

v.

**Dennis NULL; Emil Samson, Defendants–Appellees.**

No. 02–5737.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2002.

Before BOGGS, SILER, and GIBBONS, Circuit Judges.

*ORDER*

Ralph Ray Perkins appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Perkins filed his complaint in the district court alleging that the two defendant private attorneys did not adequately represent him in state court criminal and divorce proceedings. Plaintiff sought declaratory and injunctive relief and compensatory and punitive damages. Defendants moved the court for summary judgment on the grounds that: (1) plaintiff's claim is barred by collateral estoppel because plaintiff previously litigated the claim in state court; and (2) defendants did not act under color of state law for purposes of § 1983. Plaintiff responded in opposition, and the district court granted summary judgment for defendants. Plaintiff filed a timely notice of appeal.

Upon de novo review, *see Brooks v. Am. Broad. Cos.,* 932 F.2d 495, 500 (6th Cir. 1991), we affirm the judgment essentially for the reasons stated by the district court in its order entered May 24, 2002. First, plaintiff did not allege that either defendant acted under color of state law as required to state a civil rights claim cognizable under 42 U.S.C. § 1983. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Although plaintiff's complaint could be construed as a malpractice action under state law, diversity of citizenship jurisdiction does not exist because plaintiff and defendants are citizens of Kentucky. *See* 28 U.S.C. § 1332; *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Further, the final judgment on the merits in prior state court litigation bars plaintiff's claim in any event. *See J.Z.G. Res., Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 214 (6th Cir.1996); *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir.1995). Clearly, the district court properly granted summary judgment for defendants in this case.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.