**Roy TAYLOR, Plaintiff–Appellant,**

v.

**Bobby REYNOLDS; Daniel Crowder; Latonia Thomas Doss; Michael Ottinger; Ralph Cromley, Defendants–Appellees.**

**No. 01–5059.**

United States Court of Appeals, Sixth Circuit.

Nov. 8, 2001.

Before MARTIN, Chief Judge; BATCHELDER, Circuit Judge; and SARGUS, District Judge.*

Roy Taylor, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Taylor sues four prison officers at the West Tennessee State Penitentiary ("WTSP") (Bobby Reynolds, Daniel Crowder, Latonia Thomas Doss, Michael Ottinger) and a nurses at WTSP (Ralph Cromley). Taylor alleges that on August 5, 1999, he was involved in a dispute with defendants Doss and Crowder, after which he was charged with and convicted of two disciplinary offenses. Taylor was charged with throwing an unknown substance on defendant Doss and kicking defendant Crowder.

Taylor alleges that defendant Ottinger conducted the disciplinary hearings on these charges. He alleges that he was denied due process in various ways during the disciplinary proceedings. He alleges that he then filed a federal lawsuit for the use of excessive force by defendants Reynolds and Crowder. Taylor alleges that

during his jury trial, he discovered falsified and forged documents. He also alleges that defendants Crowder, Reynolds, Doss and nurse Cromley committed perjury.

Taylor then alleges that the convictions resulted in his placement on maximum security and loss of review for parole. Taylor alleges that the defendants conspired against him to falsify evidence in order to convict him in the disciplinary hearings. He seeks expungement of his disciplinary convictions, decreased security classification, a parole hearing, and monetary damages.

The district court dismissed Taylor's complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), after concluding that Taylor's complaint was barred by res judicata. This timely appeal followed. Taylor has filed a motion for a certificate of record of all motions on appeal (motion for miscellaneous relief), and a motion to remand the case to the district court.

This court reviews de novo a district court judgment dismissing a complaint as frivolous pursuant to 28 U.S.C. § 1915(e). *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint may be dismissed as frivolous if the claims lack an arguable or rational basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Upon review, we conclude that the district court properly dismissed Taylor's complaint as frivolous. The doctrine of res judicata bars consideration of the instant complaint. The broad doctrine of res judicata encompasses both claim preclusion and issue preclusion. *J.Z.G. Resources, Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 214 (6th Cir.1996). Under claim preclusion, a final judgment on the merits bars any and

---

* The Honorable Edmund A. Sargus, Jr., United States Circuit Judge for the Southern District of Ohio, sitting by designation.

all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented. *Id.* Under issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation. *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

Although Taylor characterizes his previous complaint, *Taylor v. Campbell, et al.,* No. 99–2737–M1/A (W.D.Tenn. Oct. 13, 1999), as only raising a claim of excessive force, that is the only claim which was presented to the jury. Taylor's claims arising from the disciplinary charges, proceedings, and convictions were dismissed by order entered October 13, 1999. Service was issued for the one remaining claim of excessive force. Taylor's claim of excessive force against Reynolds and Crowder proceeded to trial on September 26 through September 28, 2000. The jury returned a verdict for the defendants. On October 24, 2000, Taylor filed a notice of appeal.

As correctly pointed out by the district court, the substantive claims which underlie the instant action are completely duplicative of those dismissed in the order entered October 13, 1999. The dismissal of those claims under § 1915(e)(2)(B) creates a res judicata bar to the presentation of further in forma pauperis cases raising the same claims. *See Denton v. Hernandez,* 504 U.S. 25, 34, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

*Taylor v. Campbell, et al.,* No. 99–2737–M1/A (appeal No. 00–6464), is on appeal before this court. Thus, Taylor must raise these issues and arguments in that appeal. He may not relitigate those issues by filing a second lawsuit on those matters where judgment was entered against him in the previous case. A completely duplicative complaint lacks an arguable basis either in law or in fact and, therefore, the instant complaint was properly dismissed on the basis of res judicata. *See Denton,* 504 U.S. at 31, 112 S.Ct. 1728; *Neitzke,* 490 U.S. at 325, 109 S.Ct. 1827.

Accordingly, the motion for miscellaneous relief is denied, the motion to remand is denied, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.