**James E. SMITH, Plaintiff–Appellant,**

**v.**

**John MORGAN, Warden, et al., Defendants–Appellees.**

**No. 03–3176.**

United States Court of Appeals, Sixth Circuit.

Sept. 19, 2003.

James E. Smith, Marion, OH, pro se.

Before MERRITT, MOORE, and GILMAN, Circuit Judges.

*ORDER*

This pro se Ohio state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages and injunctive relief, James E. Smith sued the former warden of Ohio's North Central Correctional Institution (John D. Morgan), the current warden (Gordon Lane), a unit management administrator (Brian P. Byorth), a unit manager (D. Marquis), a health care administrator (J. Kerschner), an inspector of institutional services (Larry Yoder), and an official of the institution's rule infraction board (Lieutenant Thew). Smith sued John D. Morgan in his individual capacity, sued Gordon Lane in his official capacity, and sued the remaining defendants in their individual and official capacities. Smith claimed that he was subjected to environmental tobacco smoke ("ETS") in violation of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

The district court dismissed Smith's complaint for failure to state a claim under 28 U.S.C. § 1915(e). The district court held that Smith's complaint was barred by the doctrine of res judicata. The district court went on to conclude that, even if not barred by the doctrine of res judicata, Smith's complaint would be subject to dismissal because: 1) a number of the defendants were not proper parties to the cause of action; and 2) Smith's claims against the proper defendants were meritless.

On appeal, Smith reasserts the claims set forth in the district court.

This court reviews de novo a judgment dismissing a suit on the authority of § 1915(e). *Brown v. Bargery,* 207 F.3d 863, 866–67 (6th Cir.2000) (citing *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997)). Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Brown,* 207 F.3d at 867.

Upon review, we conclude that the district court properly dismissed Smith's complaint pursuant to § 1915(e) because the doctrine of res judicata bars consideration of the instant complaint. The broad doctrine of res judicata encompasses both claim preclusion and issue preclusion. *J.Z.G. Res., Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 214 (6th Cir.1996). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented. *Id.* Under issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action when used

against any party to the prior litigation. *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

Smith's immediate complaint is his second complaint in which he claimed that he was subjected to ETS. On January 14, 2002, Smith asserted claims against defendants Morgan, Byorth, Marquis, Kerschner, Yoder, and Thew for exposure to ETS. The district court examined the merits of Smith's complaint and dismissed the action on April 23, 2002, pursuant to 28 U.S.C. § 1915(e). Smith did not appeal. Instead, Smith filed the immediate complaint against these same defendants and the current warden of the institution (Gordon Lane), raising the same claims based upon the same facts and circumstances as the case previously dismissed by the district court. In both actions, Smith proceeded in forma pauperis. The dismissal of Smith's prior lawsuit under § 1915(e) constitutes an adjudication on the merits for purposes of res judicata. *Denton v. Hernandez,* 504 U.S. 25, 34, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). In both actions, Smith asserted claims arising from his stay in the institution's "C/D" unit for approximately three months. Thus, because the instant action simply reasserted the same claims and causes of action against the defendants arising out of the same facts as asserted in the prior suit, it is barred by res judicata. *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981).

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's opinion and order of September 10, 2002.