Dorothy **BURTON**, Plaintiff–Appellant,

v.

**CLEVELAND OHIO EMPOWERMENT ZONE; Most Worshipful Saint Johns; Valerie McCall; Toni Brewer; Michael Ciccarello; Bill Patton; Peter Rubin; Rod Milburn, for Hud; John and Jane Does, Defendants–Appellees.**

No. 03–4168.

United States Court of Appeals, Sixth Circuit.

June 15, 2004.

Dorothy Burton, Cleveland, OH, pro se.

Thomas L. Anastos, Law Department, Office of Director of Law, Annette G. Butler, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, Cary Jr. Zabell, Beachwood, OH, for Defendants–Appellees.

Before KEITH, CLAY, and GIBBONS, Circuit Judges.

*ORDER*

Dorothy Burton, proceeding pro se, appeals a district court order dismissing her civil action filed pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. §§ 4601–4655(URA); Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; and 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 18, 2002, Burton filed a complaint against the Cleveland Ohio Empowerment Zone (EZ), Most Worshipful Saint Johns (MWSJ), Valerie McCall, Toni Brewer, Michael Ciccarello, Bill Patmon, Peter Rubin, Rod Milburn, Lana Vacha, Doug Selby, Ken Silliman, and Chris Warren. Burton alleged that she is a licensed beautician and owner of Aquarius Unlimited Beauty Salon. Burton operated Aquarius in the EZ for approximately fifteen years and, and during that time, she leased the space for Aquarius from MWSJ. In 1994, Burton was informed that the City of Cleveland planned to develop a plaza in the EZ, where Aquarius was located. In 1997, Burton was informed that due to the plaza development, Aquarius would be relocated and she would receive funds to help her relocate. However, Burton was informed that, in order to receive relocation funds, Aquarius had to "stay on the [MWSJ] property" until the property was acquired by the plaza developer.

Burton alleged that in 1994, Aquarius operated pursuant to a month-to-month lease with MWSJ under which Burton agreed to pay rent and Aquarius's electric bill while MWSJ agreed to pay Aquarius's gas and water bills. However, because MWSJ subsequently stopped paying the

gas and water bills, Burton stopped paying rent. In May and June 1998, Burton received "a three day notice to vacate" the MWSJ property. In July 1998, Burton moved Aquarius to its current location, incurring all the costs associated with the move herself. In 2001, Burton was informed that she was ineligible to receive any relocation funds because she was evicted from the MWSJ property prior to its acquisition by the plaza developer. Burton sought monetary relief only.

The district court granted Burton's motion to proceed in forma pauperis and summarily dismissed her claims against Vacha, Selby, Silliman, and Warren because the complaint contained no allegations that those defendants "directly or indirectly engaged in any of the alleged violations" of Burton's rights. Thereafter, Milburn filed a Fed.R.Civ.P. 12(b)(6) motion to dismiss, in which the EZ, McCall, Patmon, and Rubin joined. Burton responded to the motion to dismiss and filed her own motion for summary judgment. The district court granted the moving defendants' motion to dismiss and dismissed Burton's complaint against the non-moving defendants for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Burton now appeals.

We review de novo the district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *James v. Meow Media, Inc.*, 300 F.3d 683, 689 (6th Cir.2002), *cert. denied*, 537 U.S. 1159, 123 S.Ct. 967, 154 L.Ed.2d 893 (2003); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). When considering a Fed. R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum*, 58 F.3d at 1109; *accord James*, 300 F.3d at 689. We also review de novo a district court order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000).

Upon review, we conclude that the district court properly dismissed Burton's complaint because it is barred by the doctrine of res judicata. Res judicata bars a subsequent action between the same parties or their privies based upon the same claims or causes of action that were or could have been raised in a prior action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995).

On December 11, 2001, Burton filed a complaint in federal district court against all of the defendants named in the instant action, plus others, alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964. The prior and instant actions are based upon the same facts, namely Burton's eviction from the MWSJ property and relocation of Aquarius to another location without relocation funds. In the prior action, the district court dismissed Burton's complaint pursuant to the provisions of § 1915(e), which constitutes an adjudication on the merits for purposes of res judicata. *See Denton v. Hernandez*, 504 U.S. 25, 34, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Smith v. Morgan*, 75 Fed.Appx. 505, 507 (6th Cir.2003). Moreover, the URA and civil rights claims raised in the instant action could have been raised in the prior federal lawsuit, but were not. *See Federated Dep't Stores, Inc.*, 452 U.S. at 398; *Kane*, 71 F.3d at 560. Thus, Burton's complaint is barred by the doctrine of res judicata. Burton's arguments on appeal do not compel a different result.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.