**Arleah WATTS, Plaintiff–Appellant,**

v.

**FEDERAL EXPRESS CORPORATION, Defendant–Appellee.**

No. 01–2560.

United States Court of Appeals, Sixth Circuit.

Dec. 13, 2002.

Before BATCHELDER and MOORE, Circuit Judges; and COLLIER, District Judge.*

*ORDER*

Arleah Watts, a Michigan resident proceeding pro se, appeals the district court order denying her motion for reconsideration of the dismissal of her employment discrimination case brought under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–16, et seq. This case has been referred to a panel of the court pursuant

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After exhausting her administrative remedies with the Equal Employment Opportunity Commission, Watts sued Federal Express Corporation (FedEx). Watts, an African–American woman, alleged that FedEx discriminated against her on the basis of race and sex and retaliated against her for filing a discrimination charge by firing her in January 1998. Watts requested monetary and injunctive relief. After a period of discovery, FedEx moved for summary judgment and Watts filed a response. The district court granted summary judgment to FedEx. The court held that Watts had failed to establish a prima facie case of either discrimination or retaliation, and that FedEx had presented a legitimate non-discriminatory reason for terminating Watts. Watts filed three motions for reconsideration, and appealed the denial of the second of those motions. In that motion, Watts alleged that she had new evidence to support her case. The district court construed the motion as a request for relief from judgment under Fed.R.Civ.P. 60(b)(2) and denied it.

In her timely appeal, Watts argues that: (1) the district court denied her a full and fair opportunity to present her case; (2) the district court judge was biased against her and should have recused himself; (3) FedEx bribed the district court judge; and (4) the district court ignored Watts's newly discovered evidence. Watts has also moved for the appointment of counsel and other miscellaneous relief.

This court reviews the denial of Rule 60(b) motions for an abuse of discretion. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir.1998). Rule 60(b)(2) permits relief from judgment on the basis of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). In order to prevail on a Rule 60(b)(2) motion, the movant must show that she exercised due diligence in obtaining the information, that the evidence is material and controlling, and that the information would have produced a different result if presented before the original judgment. *Id.* at 423 (citing *New Hampshire Ins. Co. v. Martech U.S.A., Inc.*, 993 F.2d 1195, 1200–01 (5th Cir.1993)).

Upon review, we conclude that the district court did not abuse its discretion when the court denied Watts's motion. The parties do not dispute the incident that led to Watts's termination. Watts worked for FedEx as a customer service agent until January 1998. One of her job duties was seeing that parcels dropped off at the office where she worked were placed on a truck for shipment to an airport. On September 15, 1997, Watts was the last service agent to leave the office. She left without transferring parcels processed by her co-worker. As a result, the letters were not shipped overnight as promised to the customers. Watts later explained her action by stating that she did not want to do her co-worker's job for him. FedEx investigated the incident and decided to terminate Watts because she failed to provide proper service to FedEx customers. The district court granted summary judgment to FedEx because Watts failed to present any admissible evidence that FedEx treated similarly situated employees outside of her protected class more favorably, *see Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir.1994), and because Watts presented no proof that FedEx's legitimate, non-discriminatory reason for firing her was a pretext for discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas*

*Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Watts did not establish that she was entitled to relief from judgment under Rule 60(b)(2). In her motion for reconsideration, Watts claimed that she had new evidence to support her prima facie case and to show that FedEx's explanation for her termination was a pretext. Watts attached the following documents to her motion: an excerpt from a decision by an unemployment agency, an excerpt from a disciplinary action taken against Watts over the September 15, 1997 incident, FedEx "airbills," one of FedEx's answers to interrogatories, an affidavit by Watts, an "Agents Checklist," a printout of "Pickup Record Activity" for September 15, 1997, and an unsworn statement by a FedEx employee.

First, the materials Watts submitted are either not newly discovered or not evidence. Watts's affidavit and FedEx's answers to interrogatories clearly are materials that could have been presented to the court before the court ruled on FedEx's motion for summary judgment. None of the remaining documents are properly authenticated.

Second, the documents would not have changed the results of the case because they do not show that FedEx's reason for firing her was a pretext. Even if Watts could produce admissible evidence to support a prima facie case of discrimination, she could not carry her ultimate burden of showing that FedEx discriminated or retaliated against her when they fired her for refusing to ship the parcels because she admitted leaving the parcels in the office in order to get back at her co-worker. Thus, Watts's "newly discovered evidence" was not material and would not have produced a different result if presented before

the original judgment. *See Good,* 149 F.3d at 423.

We have considered Watts's arguments on appeal and conclude that they are without merit. Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.