Arleah WATTS, Plaintiff–Appellant,

v.

FEDERAL EXPRESS
CORPORATION, Defendant–Appellee.

No. 02–1234.

United States Court of Appeals,
Sixth Circuit.

Dec. 13, 2002.

Before BATCHELDER and MOORE, Circuit Judges; and COLLIER, District Judge.*

### ORDER

Arleah Watts, a Michigan resident proceeding pro se, appeals the district court order granting summary judgment to the defendant in this employment discrimination action brought under federal and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In January 2001, Watts sued Federal Express Corporation (FedEx), a Tennessee corporation, in Berrien County, Michigan, Circuit Court. She sought monetary and injunctive relief. In her first amended complaint Watts alleged that FedEx: (1) discriminated against her because of her race; (2) retaliated against her for filing complaints with the Michigan Civil Rights Commission and the Equal Employment Opportunity Commission and for filing internal grievances against FedEx; (3) deprived her of due process by denying her a pre-termination hearing; (4) violated the Americans with Disabilities Act by discriminating against her for associating with a disabled person; and (5) wrongfully terminated her. FedEx invoked federal question and diversity jurisdiction and removed the action to the United States District Court for the Western District of Michigan in March 2001. *See* 28 U.S.C. § 1441. Watts sought discovery, and FedEx moved for summary judgment. Watts filed an "Affidavit of Personal Bias and Prejudice by Judge McKeague," which the court construed as a motion to recuse

and denied. The district court granted summary judgment to FedEx on the basis of res judicata because FedEx was awarded summary judgment in an earlier action Watts had filed in the district court.

In her timely appeal, Watts raises the following issues: (1) contempt of court by FedEx for not complying with discovery; (2) abuse of discretion, bias by the court, and bribery of the judge by FedEx; (3) refusal to recuse by the judge and refusal of overview by the Chief Judge; (4) FedEx defaulted by not responding to Watts's claims; (5) denial of full and fair opportunity to litigate her prior district court case against FedEx; (6) denial of an evidentiary hearing for newly discovered evidence in her prior district court case; and (7) stay of discovery without knowledge of all of the facts.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). De novo review also applies to a district court's dismissal of a suit on res judicata grounds. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to FedEx. FedEx terminated Watts in January 1998. Watts sued FedEx in September 1999 in the United States District Court for the Western District of Michigan. She alleged that FedEx

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

had discriminated against her on the basis of race and sex and retaliated against her for filing a discrimination charge with a state agency. The district court granted summary judgment to FedEx. The court held that Watts had failed to establish a prima facie case of either discrimination or retaliation, and that FedEx had presented a legitimate non-discriminatory reason for terminating Watts. Watts filed three motions for reconsideration, and appealed the denial of the second of those motions. We are affirming the district court's decision in that appeal, No. 01–2560, by separate order, 52 Fed.Appx. 819.

Watts's claims are barred by res judicata. *See J.Z.G. Resources, Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 214 (6th Cir.1996). Under res judicata or claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated and as to every theory of recovery that could have been presented. *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *J.Z.G. Resources, Inc.,* 84 F.3d at 214. First, the dismissal of Watts's prior lawsuit pursuant to Fed.R.Civ.P. 56(c) constitutes an adjudication on the merits for purposes of res judicata. *See Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990). Second, the prior action and the instant action involve the same parties. Third, because both actions are based upon FedEx's termination of Watts, she should have litigated all of her claims in the prior action. Fourth, the causes of action are identical. Watts chose a different forum and attempted to re-characterize her claims, but the fact remains that she sued FedEx a second time

over her termination. Accordingly, her second lawsuit is barred. *See Wilkins v. Jakeway,* 183 F.3d 528, 532 (6th Cir.1999).

We have considered Watts's arguments on appeal and conclude that they are without merit. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.