**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0199n.06

**No. 19-1888**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 07, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| C.H. RACHES, INC., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| GENERAL ALUMINUM MFG. COMPANY, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:  CLAY, ROGERS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

In this commercial dispute brought under Michigan law, plaintiff claims that defendant breached its contractual duty to pay commissions on purchase orders. This appeal presents four issues:  (1) whether defendant is entitled to summary judgment; (2) whether plaintiff is entitled to summary judgment; (3) whether the district court abused its discretion in denying plaintiff's motion for relief from judgment; and (4) whether the district court abused its discretion in denying plaintiff's motion for leave to amend its complaint. The district court ruled in defendant's favor on all four issues. We affirm.

I.

Defendant General Aluminum Mfg. Company ("General Aluminum") is an automotive parts supplier. In 2008, General Aluminum executed an agreement ("Representation Agreement") with plaintiff C.H. Raches, Inc. ("Raches"). Raches agreed to be General Aluminum's "exclusive

external sales representative" for soliciting orders for certain products from certain customers. In exchange, General Aluminum agreed to pay Raches commissions on the orders. Provision 5(c) of the Representation Agreement is at the center of this dispute:

> Upon the termination of this Agreement without cause pursuant to the terms of Section No. 2(a), [General Aluminum] will continue to pay commissions due to [Raches] on all newly-created or existing Customer purchase orders arising out of any long-term arrangements accepted prior to the effective date of termination in accordance with Section Nos. 5(a) and 5(b) and Addendum C.

On May 7, 2015, General Aluminum sent Raches written notice that it was terminating the Representation Agreement, effective November 4, 2015. However, in July 2015, several months before the effective termination date, General Aluminum entered into an agreement ("Supply Agreement") with ZF Chassis Components, LLC. According to Raches, language in the Supply Agreement indicated that General Aluminum had entered into a long-term arrangement—of the sort contemplated by provision 5(c) of the Representation Agreement—to produce Chrysler DT 4x4 and 4x2 Front Lower Control Arms ("DT Parts"). Moreover, Raches claimed that General Aluminum failed to pay commissions on the DT Parts connected to that long-term arrangement and as contemplated by provision 5(c) of the Representation Agreement.

Raches sued General Aluminum in March of 2016, alleging, among other things, breach of contract under Michigan law. Plaintiff claimed that General Aluminum "breached the Representation Agreement . . . by failing to pay commissions to the Plaintiff in accordance with the terms of the contract." Eventually, the parties executed a partial settlement agreement, and the district court entered an order recognizing that Raches' "only remaining claims in this case [were] those which arise out of the sale and production of the [DT Parts]."

In this case, plaintiff appeals three orders. The first order resolved each party's motion for summary judgment. The district court granted defendant's motion and denied plaintiff's motion.

For both motions, the district court's decision turned on plaintiff's failure to submit record evidence of relevant purchase orders. Without such evidence, the district court ruled that plaintiff failed to establish a genuine dispute of material fact on an essential element of its claim—whether defendant breached the contract.

The second order denied plaintiff's Federal Rule of Civil Procedure 60(b)(2) motion for relief from the summary judgment order. Plaintiff based this motion on allegedly newly discovered evidence, but the district court ruled that the proffered evidence was not "newly discovered" for the purposes of Rule 60(b)(2).

The last order denied plaintiff's Rule 15 motion for leave to amend its complaint. The district court denied this motion because while plaintiff was again required to offer newly discovered evidence, it failed to do so.

Plaintiff has timely appealed.

## II.

We first address whether either party is entitled to summary judgment.

## A.

On appeal, the standards we use to "evaluate motions for summary judgment do not change when, as here, 'both parties seek to resolve [the] case through the vehicle of cross-motions for summary judgment.'" *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 387 (6th Cir. 2016) (alteration in original) (citation omitted). Moreover,

> [t]he fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts. Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.

*Id.* (citation omitted).

We review a district court's summary judgment decision de novo. *Parker v. Winwood*, 938 F.3d 833, 836 (6th Cir. 2019). Summary judgment is warranted if (1) "there is no genuine dispute as to any material fact" and (2) "the movant is entitled to judgment as a matter of law." *Id.* (citing Fed. R. Civ. P. 56(a)). When the movant would lack the burden of persuasion at trial, it has the option to satisfy its summary judgment burden by demonstrating that the non-movant, who would possess the burden of persuasion at trial, "has failed to come forward with evidence establishing a[n] essential element of the [non-movant's] claim." *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 543 (6th Cir. 2014).

Here, plaintiff brought a breach of contract claim under Michigan law. For that claim to succeed, plaintiff "must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co. v. Ahrens Constr., Inc.*, 848 N.W.2d 95, 104 (Mich. 2014). Because all three elements are required, if one is lacking, the breach of contract claim fails.

B.

Defendant argues that summary judgment in its favor is warranted because, based on record evidence, no reasonable jury could find for plaintiff on a required element of its claim—that defendant breached the contract. We agree.

Plaintiff's claim depends upon the existence of certain purchase orders for which defendant failed to pay commissions. But defendant asserts that there were no such purchase orders, and thus no breach of contract. Defendant supported its position with declarations from its president and its corporate director of marketing. Plaintiff did not respond to this evidence, which is dispositive to the motions for summary judgment. Without record evidence that relevant purchase orders existed, no reasonable jury could conclude that a breach occurred. This is because

defendant's obligation to pay commissions never arose. Therefore, defendant satisfied its summary judgment burden. Furthermore, because plaintiff failed to rebut defendant's evidence by establishing a required element of its breach of contract claim, summary judgment in defendant's favor was warranted.[1]

On appeal, plaintiff argues that the district court decided defendant's summary judgment motion on an issue not raised by either party. Plaintiff's characterization, however, is incorrect.

Defendant, in its summary judgment motion, asserted that there were no relevant purchase orders and supported that representation with a declaration from its president. Additionally, in its opposition to plaintiff's summary judgment motion, defendant again asserted that there were not any relevant purchase orders; it backed up that representation with a declaration from its corporate director of marketing. Those factual assertions go to an essential element of plaintiff's claim— whether defendant breached the contract. Plaintiff's contention that defendant's representations appeared in the wrong section of its motion for summary judgment is unavailing. Defendant included these assertions in both its statement of facts and its argument. The purchase order issue was therefore properly before the district court and plaintiff ignored that issue at its peril.

## C.

Plaintiff's motion for summary judgment fails for the same reason defendant's motion succeeds. As discussed above, defendant, in opposition to plaintiff's summary judgment motion, made a factual representation (backed by a declaration) that no relevant purchase orders existed,

---

[1]Defendant also argued that it is entitled to summary judgment because based on the record, no reasonable jury could conclude that it accepted a long-term arrangement regarding DT Parts before the Representation Agreement's effective termination date. Plaintiff disagrees and contends there was sufficient record evidence for a reasonable jury to conclude that such an arrangement existed. Because our analysis of the purchase order issue—on its own—resolves the summary judgment question, we need not—and do not—address the long-term arrangement dispute.

which also established that an essential element of plaintiff's claim was missing—breach. Plaintiff identified no record evidence to the contrary. Given that lack of a response to the purchase order issue, the district court properly denied plaintiff's summary judgment motion.[2]

### III.

The last two issues in this appeal are whether the district court abused its discretion when it (1) denied plaintiff's Rule 60(b)(2) motion for relief from judgment, and (2) denied plaintiff's Rule 15 motion for leave to file an amended complaint. We conclude that the district court did not abuse its discretion regarding either motion. Because both issues involve the same legal framework, we address them together.

We review a district court's decision on a Rule 60(b)(2) motion and its decision on a Rule 15 motion for abuse of discretion. *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018) (Rule 60(b)(2) motion); *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (Rule 15 motion). "An abuse of discretion occurs when the district court relies upon clearly erroneous findings of fact, improperly applies the governing law, or uses an erroneous legal standard." *Luna*, 887 F.3d at 294 (citation omitted).

Rule 15 authorizes the district court to allow a litigant to amend its complaint "when justice so requires," and generally, district courts "freely give" that permission. Fed. R. Civ. P. 15 (a)(2); *Leisure Caviar*, 616 F.3d at 615. But when, as here, "a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden." *Leisure Caviar*, 616 F.3d at 616.

---

[2]We understand the district court's order not to preclude Raches from obtaining relief in a future suit based upon purchase orders made after the summary judgment order. *See* Restatement (Second) of Judgments § 26(1)(e) & cmt. g (1982); *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369, 1376–78. (Fed. Cir. 2005).

Rather than "meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Id.*

Rule 60(b) authorizes a district court to "relieve a party . . . from a final judgment, order, or proceeding for" certain specified reasons. Fed. R. Civ. P. 60(b). The relevant reason in this case is that there was "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To prevail on a Rule 60(b)(2) motion, the movant must "show by clear and convincing evidence (1) that it exercised due diligence to obtain the evidence and (2) that the evidence is material, *i.e.*, would have clearly resulted in a different outcome." *Luna*, 887 F.3d at 294. Regarding the first prong, the movant must show that, with "reasonable diligence," it could not have discovered the allegedly newly discovered evidence before the district court entered its summary judgment order. *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614–15 (6th Cir. 2012) (rejecting proffered evidence as newly discovered because it was publicly available before the district court entered its judgment); *Watts v. Fed. Express Corp.*, 52 F. App'x 819, 821 (6th Cir. 2002) (rejecting documents as newly discovered evidence—in part—because movant could have presented them to the district court before it ruled on non-movant's summary judgment motion).

Plaintiff identified three items as newly discovered evidence in its Rule 60(b)(2) motion: (1) a vehicle production forecast, dated February 14, 2018; (2) a news article, dated March 5, 2018; and (3) a declaration indicating a different business partner of plaintiff—i.e., not defendant— started to ship parts in January 2018 that contributed to the production of DT Parts. The district court issued its summary judgment order on March 16, 2018.

All the allegedly newly discovered evidence predates the summary judgment order and plaintiff offers no persuasive explanation for why—with due diligence—it could not have

submitted the evidence to the district court in a timely fashion. The vehicle forecast and the news article appear to be publicly available documents that were published before the summary judgment order. Additionally, plaintiff's argument that the discovery stay prevented it from coming forward sooner with the information in the declaration is unavailing for two reasons. First, the discovery stay did not prevent plaintiff from seeking leave to supplement its summary judgment briefing with the declaration. Second, to the extent that the discovery stay was a barrier, it was a limitation plaintiff voluntarily agreed to *after* it had the opportunity to examine all of the summary judgment briefing. And "Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." *Fed.'s Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977).

In its Rule 15 motion, plaintiff offered two documents as newly discovered evidence: (1) a "Supply Agreement for DT" and (2) a "Purchase Order for DT tooling." Defendant produced those documents to plaintiff on April 10, 2017. The district court entered its summary judgment order almost a year later on March 16, 2018. Plaintiff offers no explanation for how documents that it received over eleven months *before* the district court issued its summary judgment order could possibly constitute newly discovered evidence.[3]

We conclude that the district court did not rely upon clearly erroneous findings of fact, improperly apply the governing law, or use an erroneous legal standard regarding the Rule 60(b)(2) motion or the Rule 15 motion. *Luna*, 887 F.3d at 294; *Leisure Caviar*, 616 F.3d at 615. And there is no evidence to support "a definite and firm conviction that the trial court committed a clear error of judgment" regarding either motion. *Luna*, 887 F.3d at 294 (citation omitted). Thus, the district

---

[3]The Rule 15 motion's allegedly newly discovered evidence (produced on April 10, 2017) even predates plaintiff's May 25, 2017 motion for summary judgment.

court did not abuse its discretion when it denied plaintiff's Rule 60(b)(2) motion or plaintiff's Rule 15 motion.

IV.

For these reasons, we affirm.